**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **SHAQUITA LIGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BAE SYSTEMS NORFOLK SHIP REPAIR, INC.,** | ) | **Case No. 2:23CV682 (EWH)** |
| | ) | |
| **and** | ) | |
| | ) | |
| **BAE SYSTEMS SHIP REPAIR, INC.** | ) | |
| | ) | |
| **Defendants** | ) | |

**MOTION TO DISMISS**

BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc., by counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), request the Court dismiss Plaintiff's Complaint with prejudice.

Plaintiff's allegations are time barred and, with respect to BAE Systems Ship Repair, Inc. and her Virginia Human Rights Act claim, she has failed to exhaust her administrative remedies as required. Even if Plaintiff's claims were timely and she had exhausted all administrative remedies as required, she does not allege sufficient facts to plausibly plead she was discriminated against or retaliated against. Plaintiff's "unadorned the-defendant-unlawfully harmed me accusation(s)" do not create a plausible inference of actionable discrimination or retaliation.

Plaintiff's Complaint should be dismissed with prejudice.

**LOCAL RULE 7(K) WARNING**

Pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff is hereby warned of the following:

311694013v.1

1) The *pro se* party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion was filed; and

2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and

3) The *pro se* party must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the moving party.

BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc. respectfully refer the Court to the accompanying Memorandum.

Dated: June 17, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Christine M. Costantino*
Raymond C. Baldwin (to be admitted *pro hac vice*)
Christine M. Costantino, Esq.
SEYFARTH SHAW LLP
975 F Street, N.W., Washington, DC 20004
Phone: (202) 828-3583 / Fax: (202) 828-5393
rbaldwin@seyfarth.com
ccostantino@seyfarth.com

*Attorneys for Defendants BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc.*

2

## CERTIFICATE OF SERVICE

I, Christine M. Costantino, hereby certify that on June 17, 2024, I electronically filed and served BAE Systems Norfolk Ship Repair, Inc.'s and BAE Ship Repair, Inc.'s Motion to Dismiss, with the Clerk of the Court, via the Court's CM/ECF system, and by U.S. First Class Mail, postage paid upon:

Shaquita Lige
1401 Barlingame Place
Apartment 303
Chesapeake, Virginia 23320
Plaintiff, *pro se*

/s/ *Christine M. Costantino*
Christine M. Costantino
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 828-3583
(202) 828-5393 (facsimile)
ccostantino@seyfarth.com

3

311694013v.1