**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

|  |  |  |
|---|---|---|
| **SHAQUITA LIGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 2:23CV682 (EWH)** |
| **BAE SYSTEMS NORFOLK SHIP REPAIR, INC.,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BAE SYSTEMS SHIP REPAIR, INC.** | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

BAE Systems Norfolk Ship Repair, Inc. ("BAE NSR") and BAE Systems Ship Repair,

Inc., submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss.

## I.      INTRODUCTION

Plaintiff alleges she was denied a promotion in November 2020 and May 2021, because

she is a woman and because at some unspecified time in 2020, she took approved intermittent

FMLA leave.  Plaintiff's claims are variously untimely, offered without administrative

exhaustion as required, and supported only by conclusory allegations insufficient to state viable

claims.  Plaintiff's Complaint should be dismissed with prejudice.

## II.      FACTS[1]

BAE Systems Ship Repair operates three full-service shipyards in the United States.

---

[1] BAE NSR and BAE Systems Ship Repair, Inc. assume the truth of Plaintiff's facts for purposes of this Motion only.

311694013v.1

BAE NSR repairs and overhauls ships for the United States Navy in Norfolk, Virginia. BAE NSR hired Plaintiff in May 2014, as a First Class Helper.[2]  Compl. at ¶ 9.

Plaintiff filed a charge of discrimination against BAE NSR on February 25, 2022, and a Notice of Right to Sue was issued by the EEOC on September 25, 2023.  Exh. 1, Charge and NTS.[3]

At some unstated point in 2017, Plaintiff's supervisor recommended her for promotion to Third Class Mechanic Shipfitter.  Compl. at ¶ 13.  Plaintiff was promoted to Third Class Handyperson thereafter.  *Id.* at ¶ 14.  At some unspecified time in 2018, Plaintiff applied for promotion to Third Class Shipfitter, and was promoted to Second Class Handyperson.  *Id.* at ¶¶ 16-17.

In August 2018, Plaintiff was selected for BAE NSR's Apprenticeship Program.[4]  *Id.* at ¶ 19.  On her first evaluation in this Program, Plaintiff's male supervisor rated her as "above average" in "multiple areas."  *Id.* at ¶ 21.  A different male supervisor reduced those scores and noted Plaintiff needed to improve in some unspecified area.  *Id*. at ¶ 22.  Mikel Wilson, who was

---

[2] Based on the allegation that BAE NSR is a wholly owned subsidiary of BAE Systems Ship Repair, Inc., Plaintiff's Complaint simply assumes a joint or integrated employment relationship. This assumption is not, however, supported by any facts whatsoever.  Accordingly, BAE Systems Ship Repair, Inc. should be dismissed as a defendant.  *Carter v. Dominion Energy, Inc.*, 529 F. Supp. 3d 525, 544 (W.D. Va. 2021) (dismissing defendant based on failure to sufficiently allege joint employer relationship).

[3] The Court may consider documents referenced in the Complaint in determining a motion to dismiss without converting it to a motion for summary judgment if the documents are "integral to and explicitly relied on in the complaint and the plaintiff [] do[es] not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 448-449 (4th Cir. 2011). Plaintiff specifically asserts that she exhausted her administrative remedies, which requires the filing of a charge and receipt of a notice of right to sue.

[4] The Apprenticeship Program is an accelerated training program through which apprentices who successfully complete it become First Class Mechanics.

2

311694013v.1

in the Apprenticeship Program with Plaintiff, was evaluated as "above average" in "several areas" and those scores were not reduced. *Id.* at ¶ 23.

Six months after being selected for the Apprenticeship Program, Plaintiff and other Apprentices rotated supervisors. *Id.* at ¶ 24. Robert Hughes allegedly told the Apprenticeship instructor he would not train a woman, and Plaintiff was supervised by "Johnson". *Id.* at ¶ 28. Plaintiff asserts Johnson, whose first name she does not know, did not "know anything." *Id.* at ¶ 29.

Plaintiff "received three step increases in the Apprenticeship Program based on her good performance." *Id.* at ¶ 31.

In August 2020, Plaintiff was suspended after an altercation with a security guard because she was not wearing a mask as required.[5] *Id.* at ¶ 32. As a result of the suspension, Plaintiff was removed from the Apprenticeship Program. *Id.* at ¶ 34.

On November 6, 2020, Plaintiff asked her supervisor, Clifton Sanderlin, to support her promotion to Third Class Shipfitter. *Id.* at ¶ 38. Mr. Sanderlin told Plaintiff to wait six months because of her poor attendance. *Id.* at ¶ 39. Plaintiff was approved to take intermittent FMLA leave at this time. *Id.* at ¶ 40. Plaintiff told Mr. Sanderlin that use of approved FMLA should not count against her with respect to the promotion. *Id.* at ¶ 40. Mr. Sanderlin also told Plaintiff she should not apply until six months had passed form her August 2020 discipline. *Id.* at ¶ 41.

---

[5] Plaintiff cursed at the Plant Security Guard, "…no, I'm not coming back, f*ck that" and repeatedly said, "No, f*ck that."

311694013v.1

On May 25, 2021, Plaintiff asked Mr. Sanderlin to support a promotion and he told her that her poor attendance was prohibitive. *Id*. at ¶ 44.  Plaintiff submitted her notice on May 25, 2021. *Id.* at ¶ 52.[6]

Mr. Sanderlin supported promotion requests at unspecified times and under unspecified circumstances for James Eley and Kerris Adams. *Id.* at ¶ 50.

### III.     LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts alleged must raise a right to relief above the speculative level; it is not enough to create a mere suspicion of a legally cognizable right of action. *Id.* at 555.  The complaint must meet the standard of plausibility. *Id*. at 557.  And when a complaint fails to "possess enough heft" to show that the pleader is entitled to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 557-58 (citations omitted).[7]  *See also, Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint).  As the Supreme Court has explained, the standard calls for "more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely

---

[6] A copy of Plaintiff's resignation letter, which she incorporates her Complaint, is attached as Exh. 2. It states in pertinent part: "…I am resigning from my position as Shipfitter 1st Class Handyperson, with my last day being Thursday, May 27, 2021.  I apologize for the short notice but my ongoing issue of not having anyone to take care of my mother still exist. (sic) I am currently out of all available time given to me, and although my plans were to never leave the company, I feel it is best for my family and I at this time.  Thank you for the opportunity to learn and grow within the company for 7 yrs, not only professionally but also personally."

[7] The Supreme Court in *Twombly* made clear that the purpose of discovery is for finding the "details" of a case – not for trying to create a case. *Twombly*, 550 U.S. at 560 n.6.

4

311694013v.1

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quotations omitted).

Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (*citing Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)").  Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir. 1994).

Finally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly,* at 1949-50.  The pleading rules do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. (pleading standard under Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . .. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (quotations omitted).

## IV.    ARGUMENT

### A.    Plaintiff's Title VII Claims Are Untimely.

Plaintiff's Notice of Right to Sue was issued September 25, 2023.  Exh. 1.  Plaintiff did not, however, file a signed, viable Complaint until April 17, 2024, well outside the 90-day time period, and her Title VII claims are therefore time barred. *Moore v. Cosi, Inc.*, No. 1:11-CV-1393, 2012 WL 1410052, at * 3-4 (E.D. Va. Apr. 20, 2012) (dismissing Title VII claims with prejudice as untimely since no Virginia attorney signed original complaint and statute ran before

311694013v.1

second complaint filed).[8]  Indeed, "[a] claimant who fails to file a complaint within the ninety-day statutory time period mandated by Title VII generally forfeits his right to pursue his claims."[9]  *Mann v. Std. Motor Prods.*, 532 Fed. Appx. 417, 418 (4th Cir. 2013) (*citing Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-51 (1984)).

An unsigned complaint was submitted to the Court on December 21, 2023, within the 90-day period.  [Dkt. No. 1] But, Rule 11 of the Federal Rules of Civil Procedure states that "if a pleading…is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader…"  *Marcure v. Lynn,* 992 F.3d 625, 630 (7th Cir. 2011) ("The text of the rule is clear: Rule 11(a) does not give courts discretion to overlook a party's failure to correct promptly an unsigned filing.").  Here, it is unknown whether the Clerk attempted to contact Plaintiff or, if so, when, but what is clear is that the failure to sign the Complaint was not corrected "promptly," and, in fact, Plaintiff waited nearly five months to do so.  *Young v. Nebraska*, Civ. A. No. 8:08CV508, 2009 WL 44738, at *1 (D. Neb. 2009) (dismissing complaint where plaintiff did not sign within one month of filing); *Adams v. Perloff*

---

[8] In *Caison v. Thermo Fisher Scientific*, No. 5:22-cv-00013, 2022 WL 10146542, at *3 (W.D. Va. Oct. 17, 2022), the Western District of Virginia found a pleading signed by an attorney who was not a member of the Virginia Bar was not a legal nullity, and that because the error was corrected one day after the attorney was notified, the complaint was deemed timely filed on the date it was first submitted and the Title VII claims therein were considered timely filed.  The *Caison* Court did not, however, reference *Cosi,* and placed considerable weight on two things not present here: (1) the complaint was signed by the "wrong person," it was not unsigned, and (2) the error was "promptly corrected," *i.e.*, within one day, whereas Plaintiff took almost five months to submit a signed Complaint.  Plaintiff's failure to sign her Complaint or promptly correct the error comes despite the fact that she had the assistance of counsel in preparing it. [Dkt. No. 3 at pg. 15]  Plaintiff's Complaint is docketed as being filed April 17, 2024, which is consistent with the *Cosi* decision.

[9] If Plaintiff had requested and received a notice of right to sue from the Virginia Office of Civil Rights, she would likewise have had ninety days from the date she received it within which to file suit.  1VAC45-20-98; Va. Code. § 2.2-520.

6

*Bros. Inc.*, 784 F. Supp. 1195, 1200 (E.D. Pa. 1992) (pro se plaintiff's signing "prompt" when it occurred within one week of notification).

Plaintiff's Title VII discrimination claims are untimely and should be dismissed with prejudice.

**B.      Plaintiff's November 2020 Title VII Promotion Claim and All Her VHRA Claims Are Untimely.**

A charge of discrimination must be filed within 300 days after the alleged discriminatory act. *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003). This time period begins to run when the employee is informed of the allegedly discriminatory employment decision. *Connolly v. Mills Corporation*, 430 F.Supp.2d 553, 557 (E.D. Va. 2006). Thus, claims involving discriminatory conduct that did not occur within 300 days before filing of the charge are untimely. Claims under the Virginia Human Rights Act must be filed with the Virginia Office of Civil Rights within 180 days from the day upon which the alleged discriminatory practice occurred. 1VAC45-20-30 (D); Va Code § 2.2-520.

Plaintiff filed her Charge with the EEOC and the Virginia Office of Civil Rights on February 25, 2022. Exh. 1. Therefore, any actions which occurred before May 1, 2021, are time barred under Title VII. *Gill v. TBG Food Acquisition Corp.*, Civil Action No. 7:19CV00479, 2020 WL 3869569, at *4 (W.D. Va. July 9, 2020) (citing Perkins v. Int'l Paper Co., 936 F.3d 196, 207 (4th Cir. 2019)). And any actions which occurred before August 29, 2021, are time barred under the Virginia Human Rights Act. 1VAC45-20-30 (D); Va Code § 2.2-520.

In her Complaint, Plaintiff claims she was denied a promotion in November 2020, and again on May 25, 2021. Compl. at ¶¶ 38-40, 44. Both claims are therefore time barred under the Virginia Human Rights Act, and her November 2020 promotion claim is time barred under Title VII. Indeed, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal

7

311694013v.1

to hire are easy to identify" and are actionable only if they "'occurred' within the appropriate time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).  Plaintiff's failure to promote claim accrued when she learned of the decision. *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 388 (4th Cir. 2010) ("We agree with the district court that [defendant's] letter ..., denying [plaintiff's] promotion to full professor, constituted the discrete act of failure to promote triggering the commencement of the limitation period despite the pendency of her internal appeal with the University.").

Consistent with the foregoing, the Fourth Circuit has made clear that background allegations of discrimination, like those Plaintiff offers in her Complaint, describing instances which allegedly occurred years before, do not alter the discrete nature of her promotion claims. *Williams v. Giant Food, Inc.*, 370 F.3d 423, 430 n.3 (4th Cir. 2004) ("The question here is whether Williams's background allegations of systemic discrimination change the nature of the discrete claims she asserts such that the *Morgan* rule should not apply. We answer that question in the negative.").

Plaintiff's November 2020 promotion claim is time barred, as are her VHRA claims, and they should be dismissed with prejudice.

### C.     Plaintiff's FMLA Claims Are Time Barred.

Claims brought under the FMLA have a two-year statute of limitations period. 29 U.S.C. § 2617(c)(1).  Willful violations have a three-year statute of limitations.  29 U.S.C. § 2617(c)(2). Plaintiff alleges she learned her supervisor would not support her for a promotion on November 6, 2020, and she was approved to take intermittent FMLA leave at that time.  Compl. at ¶¶ 38-40. Even if it were assumed Plaintiff plausibly alleged a willful violation, which she did not, this

claim is time barred, because Plaintiff did not file her inoperative complaint until December 21, 2023, more than three years after this event.

Plaintiff also alleges that she learned on May 25, 2021, that her supervisor would not support her for a promotion, and she was told at that time her attendance was "prohibitive." Compl. at ¶¶ 43-45. This claim is outside the FMLA's two-year statute of limitations period and time barred unless Plaintiff plausibly pleads a willful violation, which she does not. 29 U.S.C. § 2617 (c)(1).

While Plaintiff—more correctly the attorney who drafted the Complaint for her—alleges in conclusory fashion, "BAE "willfully retaliated," this label is not supported by any facts and should therefore be disregarded. *Wikimedia v. National Security Agency*, 857 F.3d 193, 208 (4th Cir. 2017) ("…naked assertions devoid of further factual enhancement are not entitled to the presumption of truth.") (relying on and quoting, *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff alleges only that she told her supervisor in November 2020, six months before the promotion in question, that he could not consider approved intermittent FMLA leave with respect to his promotion decision at that time. Her statement to him—as opposed to statements and actions attributable to BAE NSR which might show reckless disregard—cannot plausibly plead a willful violation, particularly when Plaintiff offers nothing which might tend to indicate her poor attendance in advance of the May 2021 promotion decision was a function of protected leave. Plaintiff fails to offer any facts regarding her attendance in general, whether she was eligible for FMLA leave in May 2021, the number of FMLA approved absences she took, her absences outside of FMLA leave, or anything else which might allow the implication in her statement to her supervisor to be considered a plausible allegation that BAE NSR acted willfully in May 2021. She does not allege that her supervisor

9

considered any approved FMLA absences when evaluating her May 2021 request for promotion, or even bother to allege how attendance is allegedly evaluated with respect to promotional opportunities and what time periods might be utilized. She simply asks the Court to assume that when her supervisor allegedly said her attendance was prohibitive, he must have been referring to protected FMLA absences the previous year, in 2020. This type of conclusory pleading is not sufficient to state a plausible willful violation. *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal"). Plaintiff has failed to plausibly plead a willful violation and both her FMLA claims are therefore time barred.

### D.      Plaintiff Failed To Exhaust As To BAE Systems Ship Repair, Inc. Under Title VII and Both Defendants As To VHRA.

Before a plaintiff may sue under Title VII, she must first exhaust her administrative remedies by filing a charge with the EEOC. *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 406-7 (4th Cir. 2013). A failure to exhaust administrative remedies deprives the Court of jurisdiction over the claim. *Davis v. N.C. Dep't of Corrs.*, 48 F.3d 134, 138-40 (4th Cir. 1995). Here, Plaintiff did not name BAE Ship Repair, Inc. in her Charge and has therefore failed to exhaust her administrative remedies as to this entity. Additionally, Plaintiff's Complaint makes no mention of receiving a notice of right to sue from the Virginia Office of Human Rights. Absent such notice, Plaintiff has failed to exhaust her VHRA claims as to both BAE NSR and BAE Systems Ship Repair, Inc. *Tattrie v. CEI-Roanoke, LLC*, No. 7:23-CV-079, 2023 WL 4186383, at *3 (W.D. Va. June 26, 2023) (determining that the EEOC's right-to-sue notification does not permit an individual to file suit under the VHRA). Plaintiff's VHRA claims should be dismissed and BAE Systems Ship Repair, Inc. should be dismissed as a defendant.

311694013v.1

### E.      Plaintiff's Complaint Fails To State Viable Claims.

**Discrimination.**  In order to establish a *prima facie* case of discrimination, Plaintiff must allege facts which show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment of those outside her protected class.  *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).  While Plaintiff does not need to specifically plead a *prima facie* case to survive dismissal, she must offer sufficient facts to demonstrate a right to relief beyond speculation.  *McCleary-Evans v. Md. Dept. of Trans.*, 780 F.3d 582, 585 (4th Cir. 2015).  Plaintiff must plead sufficient factual content to create a plausible inference that she suffered an adverse employment action because she is a woman.  *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 283 (4th Cir. 2004)).  This she cannot do.

Instead of offering plausible facts, Plaintiff alleges only that on May 25, 2021, she was told by her supervisor he would not support her for a promotion.  Compl. at ¶¶ 43-50.[10]  In fact, Plaintiff alleges her supervisor did not support her promotion both because of her gender and because of the fact she had approved FMLA leave in November 2020, thus severely undermining each allegation.

---

[10] The May 2021 promotion claim is the only claim within the 300-day statutory period.  Even if Plaintiff's November 2020 promotion claim were considered, however, it would not change the analysis.  That claim too, is devoid of facts which might create a plausible inference that Plaintiff's gender was the reason she was not promoted—particularly when Plaintiff alleges her supervisor told her he would not support that promotion because she should not apply for a promotion until six months had passed from her August 2020 disciplinary suspension, and Plaintiff offers no similarly situated comparators who were treated differently, or anything else that might create a plausible inference that the decision was based on gender.  Compl. at ¶ 41.  And Plaintiff's broad brush stroke allegations of discrimination against women years before, do nothing to change this fact, particularly since promotion is a discrete event and her supervisor Sanderlin is not alleged to have engaged in any previous discrimination, and because she alleges she was promoted twice, selected for the Apprenticeship Program and received three step increases.

311694013v.1

With respect to the discrimination aspect of this claim, Plaintiff alleges only that her supervisor told her that because of her attendance, he would not support a promotion request, and that co-workers, James Eley and Kerris Adams, at some unspecified point in time and for unspecified positions, followed the same procedure she did and their requests for promotion were supported. Compl. at ¶¶ 43-50. This type of conclusory pleading cannot be understood to create a plausible inference of discrimination and Plaintiff's labeling the action as discriminatory does alter this fact. *Gilliam v. South Carolina Dep't of Juvenile Justice*, 474 F.3d 134, 143 (4th Cir. 2007) ("Such [general] assertions, standing alone, are [simply] insufficient to sustain an actionable Title VII claim."); *Coates v. Virginia Power Co.*, No. 99-1028, 2000 U.S. App. LEXIS 8619, at *7 (4th Cir. May 2, 2000) (mere speculation that defendant had a discriminatory motive is insufficient); *Carter v. Virginia Dep't of Game & Inland Fisheries*, No. 3:16CV661, 2017 WL 4413192, at *15 (E.D. Va. Sept. 29, 2017) (granting motion to dismiss hostile work environment claim where plaintiff's allegations that defendant "barred" or "blackballed" her from obtaining another job because of her race were "entirely conclusory and cannot state a claim upon which relief can be granted").

Plaintiff does not allege any facts with respect to this action which might create a plausible inference of discrimination. She does not allege that any comments were made, nor does she offer any facts regarding her alleged comparators which might suggest her supervisor's decision was based on gender. And with respect to the alleged comparators, Plaintiff offers nothing which might show their qualifications as compared to hers, that they are similarly situated to her, or even that they sought a promotion at the same time she did or obtained the promotion she sought. Plaintiff only alleges that at some point in time, her supervisor supported the promotion of two men. This non-controversial statement cannot give rise to a viable

12

discrimination claim.  In fact, this Court dismissed claims like this, in which the plaintiff merely mentions those treated differently than her, but offers nothing which might show they were similarly situated.  *Desai v. DeJoy*, No. 1:22-cv-846, 2023 WL 3550103, at \*10 (E.D. Va. May 18, 2023) (dismissing pro se complaint which alleged only that Mr. Majid and Mr. Parks were given accommodations, but offered nothing to show similarly situated) (relying on *Guillen v. Esper*, No. 1:19-cv-1206, 2020 WL 3965007, at \*11 (E.D. Va. July 13, 2020) (dismissing claim where the plaintiff "provided virtually no details about the specific job titles, responsibilities, or qualifications of the individuals she identifies as her comparators")); *Yin v. CTI Consultants, Inc.*, No. 3:17-cv-296, 2018 WL 1569486, at \*7 (E.D. Va. Mar. 30, 2018) (declining to give bare allegation of "similarly situated" employees any "talismanic" meaning and dismissing claim)). Plaintiff's conclusory assertions of discrimination are not entitled to the presumption of truth and should be disregarded, and her Title VII claims dismissed.  *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (conclusory allegations need not be accepted); *E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (legal conclusions drawn from facts are insufficient).  Plaintiff's VHRA claims should suffer the same fate.  *Sunkins v. Hampton Rds. Connector Partners*, No. 2:23-cv-91, 2023 WL 7411761, at \*3 (E.D. Va. Nov. 9, 2023) ("Plaintiff's Title VII and VHRA discrimination claims are based on the same facts and the statutes are substantially the same, so the court analyzes these claims together.") (citations omitted).

Plaintiff fails to plausibly plead she was discriminated against with respect to a promotion in November 2020 or May 2021, and her discrimination claims should be dismissed with prejudice.

13

**FMLA Retaliation.** To state a prima facie ease of FMLA retaliation, Plaintiff must show (1) that she engaged in a protected activity; (2) that her employer took adverse action against her; and (3) that the adverse action was causally connected to her protected activity. *Renade v. BTAmericas, Inc.*, 581 Fed.Appx. 182, 183 (4th Cir. 2014). A retaliation claim under the FMLA requires retaliatory intent. *Bosse v. Baltimore Cnty.*, 692 F.Supp.2d 574, 588 (D. Md. 2010).

As set forth above, Plaintiff alleges she was retaliated against on November 6, 2020, because she was approved for intermittent FMLA leave at the time of the promotion decision, and she told her supervisor he could not rely on FMLA absences when considering her attendance. Since Plaintiff did not file her Complaint until at least December 21, 2023, time, this claim is plainly time barred, even if Plaintiff's boilerplate allegation of willfulness is accepted. 29 U.S.C. § 2617 (c)(1)(2).

Plaintiff also alleges she was retaliated against on May 25, 2021, because her supervisor told her at that time he would not support her promotion request due to her attendance, which she assumed had something to do with unspecified intermittent FMLA leave taken at some unknown time in 2020. Plaintiff does not set forth sufficient facts to transform her assumption into willful action by BAE NSR. Even if it were assumed for the sake of argument that Plaintiff's pleading satisfied her obligation to set forth plausible facts demonstrating willfulness, like her discrimination claims, Plaintiff does not plausibly plead her supervisor informed her he would not support a promotion on May 25, 2021, because she used approved intermittent FMLA leave in 2020.

Plaintiff does not bother to allege she was an eligible employee. *Adams v. High Purity Sys., Inc.*, No. 1:09cv354, 2009 WL 2391939, at \*8 (E.D. Va. July 2, 2009), aff'd 382 F. App'x

14

311694013v.1

269 (4th Cir. 2010) (unpublished) (failure to allege eligible employee warrants dismissal).  Her claim should be dismissed on this basis alone.

Even if Plaintiff was an eligible employee as that term is defined by the FMLA or alleged she was, she fails to allege facts which might create a plausible causal connection between the fact she took or was approved for intermittent FMLA leave in 2020, and the fact her supervisor did not support her for promotion seven months later, May 2021.  *King v. Rumsfeld*, 328 F.3d 145, 151 n. 5 (4th Cir. 2003) (noting that a gap of two months and two weeks undermined the inference of causation in the plaintiff's FMLA retaliation claim)*; Clark County Sch. District v. Breeden*, 532 U.S. 268 (2001) (very close temporal proximity may provide causal connection).  Absent a demonstration of close temporal proximity or facts supporting a causal connection, Plaintiff is left only with conclusory allegations that her FMLA leave status or use in 2020—which is itself an assumption not supported by the Complaint—was causally connected to the May 2021 promotion decision.  This is insufficient to support a claim.  *Taylor v. Millennium Corp.,* Case No., 1:15-cv-1046, 2016 WL 927185, at * 9 (E.D. Va. March 4, 2016) (dismissing retaliation claim in which complaint failed to state temporal proximity); *Gilliam v. South Carolina Dep't of Juvenile Justice*, 474 F.3d 134, 143 (4th Cir. 2007) (conclusory allegations are insufficient).

Plaintiff does not state when she took intermittent FMLA leave, if ever, what her attendance was without regard to approved absences, nor does she allege her supervisor took issue with any approved leave.  Moreover, she only offers her assumption that his reference to her attendance in May 2021, related to approved absences in 2020.  She does not plead any facts which might support this assumption.

15

Nor can Plaintiff hope to use her statement to her supervisor in November 2020, that he could not consider approved absences when evaluating her attendance, to create a plausible inference of retaliation by him. She offers no allegations which might demonstrate he actually considered approved leave when evaluating her attendance at that time, or harbored any animus toward her because she took approved leave at some unstated time in 2020. In fact, according to the Complaint, his only response was that her disciplinary suspension in August 2020 was also disqualifying. Compl. at ¶ 40-41. Plaintiff's allegation asks the Court to assume that her apparently poor attendance was caused only by taking some unspecified amount—and during unspecified times—of intermittent FMLA leave, and that her supervisor was aware of this supposed fact when he told her he would not support a promotion. This leap of logic should not be countenanced, particularly where Plaintiff does not offer any facts with respect to how many approved or unapproved absences she had in 2020, whether her supervisor was aware that some of those absences may have been approved, or anything else which might tend to indicate her supervisor intended to retaliate against her for being approved for FMLA leave. The speculation needed to fill in the gaps on this allegation warrant a rejection of the idea that protected absences were even considered in 2020, let alone were at issue seven months later in May 2021.

In *McCleary-Evans v. Md. Dept. of Trans.*, 780 F.3d 582, 585 (4th Cir. 2015), the Fourth Circuit rejected a conclusory claim similar to the one Plaintiff makes here. The court found an allegation that the Maryland Highway Administration had a "history" of discriminatory hires, and that two interviewers "predetermined" not to hire the plaintiff based on race or sex, but which did not offer actual facts to support what happened in or around the interviews, was too conclusory to create a plausible inference of discrimination. *Id.* at 586. So too, here, where

16

311694013v.1

Plaintiff offers no actual facts that might show that the May 2021 promotion decision was driven by anti FMLA animus or approved absences in 2020. As the *McCleary* court stated:

> McCleary–Evans' complaint leaves open to speculation the cause for the defendant's decision to select someone other than her, and the cause that she asks us to infer (*i.e.*, invidious discrimination) is not plausible in light of the " 'obvious alternative explanation' " that the decision makers simply judged those hired to be more qualified and better suited for the positions. *Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 567, 127 S.Ct. 1955). Indeed, the consequence of allowing McCleary–Evans' claim to proceed on her complaint as stated would be that any qualified member of a protected class who alleges nothing more than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion. Such a result cannot be squared with the Supreme Court's command that a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678, 129 S.Ct. 1937.

The same result is warranted here. The obvious inference to be drawn from the Complaint is that Plaintiff had significant attendance and disciplinary issues in 2020, and at least her poor attendance continued into 2021. Plaintiff's failure to offer any context, specific allegations of approved leave vs. unapproved absences, or anything else other than her assumption and speculation, seems like a purposeful effort to evade dismissal, it does make clear that she cannot connect the May 2021 promotion decision with FMLA protected activity in 2020, and that the cause she asks the Court to infer—that she was retaliated against for taking protected leave in 2020—is not plausible in light of the obvious alternative explanation that she had ongoing and longstanding attendance issues without regard to any use of FMLA leave.

Plaintiff fails to plausibly allege her supervisor did not support her promotion in May 2021 due to the taking of protected FMLA leave and her FMLA claims should be dismissed with prejudice.

## V.     CONCLUSION

Plaintiff filed an inoperative unsigned Complaint and waited nearly five months to correct it. Plaintiff's April 17, 2024, Complaint was not filed within 90 days of receipt of the

17

311694013v.1

notice of right to sue and her Title VII discriminatory promotion claims are therefore time barred. Further, all alleged discriminatory actions which occurred before May 1, 2021, are outside the 300-day statutory period and therefore time barred, which leaves only Plaintiff's May 25, 2021, failure to promote claim. This claim alleges only that Plaintiff did not get a promotion and that at some unidentified time, for some unidentified position and under unknown circumstances, two men did. This does not plausibly plead discrimination.

Further, Plaintiff failed to exhaust her administrative remedies as required under the VHRA, and those claims should therefore be dismissed.

Plaintiff's FMLA claims are time barred and, even if it were assumed Plaintiff plausibly pled a willful violation, the May 25, 2021, FMLA retaliation fails to plausibly plead retaliation. Plaintiff does not offer sufficient facts to connect the promotion decision with any protected activity or show that her supervisor harbored any retaliatory intent.

Plaintiff's Complaint should be dismissed with prejudice.

Dated: June 17, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Christine M. Costantino*
Raymond C. Baldwin (to be admitted *pro hac vice*)
Christine M. Costantino, Esq.

SEYFARTH SHAW LLP
975 F Street, N.W., Washington, DC 20004
Phone: (202) 828-3583 / Fax: (202) 828-5393
rbaldwin@seyfarth.com
ccostantino@seyfarth.com

*Attorneys for Defendant BAE Systems Norfolk Ship Repair, Inc., BAE Systems Ship Repair, Inc.*

18

## <u>CERTIFICATE OF SERVICE</u>

I, Christine M. Costantino, hereby certify that on June 17, 2024, I electronically filed and

served BAE Systems Norfolk Ship Repair, Inc.'s Memorandum of Points and Authorities in

Support of Motion to Dismiss, with the Clerk of the Court, via the Court's CM/ECF system and

by First Class U.S. Mail, postage prepaid, upon the following:

Shaquita Lige
1401 Barlingame Place
Apartment 303
Chesapeake, Virginia 23320
Plaintiff, *pro se*

<u>*/s/ Christine M. Costantino*</u>
Christine M. Costantino
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 828-3583
(202) 828-5393 (facsimile)
ccostantino@seyfarth.com

19

311694013v.1