**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

|  |  |  |
|---|---|---|
| SHAQUITA LIGE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 2:23CV682 (EWH)** |
| BAE SYSTEMS NORFOLK SHIP REPAIR, INC., et al. | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc.

(collectively, "Defendants") by counsel, hereby submits their reply to Plaintiff's January 10,

2025 Response in Opposition to Defendants' Motion to Dismiss ("Opposition"). [ECF No. 12]

Plaintiff's Opposition suffers myriad defects and cannot defeat Defendants' well-

supported Motion to Dismiss. First, it is untimely and should be struck. It also fails to address,

and therefore effectively concedes, the merits of Defendants' arguments compelling dismissal.

Finally, the substance of the filing relates solely to a time-barred 2018 promotion that was not set

forth in Plaintiff's Complaint (or underlying charge). Plaintiff cannot amend her Complaint and

introduce new facts or allegations through this briefing and, more importantly, even if the Court

considered the substance of that filing, it only purports to identify an untimely claim, that

Plaintiff failed to exhaust through the administrative process, and for which she offers no facts

that could demonstrate an entitlement to relief. In short, Plaintiff's Opposition is defective on

every level and the Complaint is properly dismissed with prejudice for those reasons set forth in

Defendants' Motion.

315708055v.1

## ARGUMENT

**The Opposition is Untimely and Should be Struck.**  Defendants filed and served their Motion to Dismiss (with *Roseboro* notice) on June 17, 2024. [ECF No. 6-7]  Plaintiffs' response to that Motion was due on July 8, 2024.  Plaintiff failed to provide any response whatsoever, or seek an extension to do so.

On December 4, 2024, almost five months after Plaintiff's response deadline passed, the Court entered an Order requiring Plaintiff to notify the Court, in writing, within 21 days of the Order, of her current address and telephone number. [ECF No. 8]  The Court also *sua sponte* extended Plaintiff's time to respond to Defendants' pending Motion to Dismiss, and provided that Plaintiff could file a response within 21 days of the Order.  *Id.*  The Court's Order expressly advised Plaintiff that the Court could dismiss some or all of Plaintiff's claims if she failed to file a response to Defendants' Motion. *Id.*  Based on this Order, any response to Defendants' Motion was due on or before December 26, 2024.

On December 13, Plaintiff filed a response regarding her address, indicating that she did not have access to her mailbox between September 12, 2024 and December 13, 2024.[1]  [ECF No. 10] No information was provided that would address Plaintiff's lack of response to Defendants' June 17, 2024 Motion.

Moreover, although Plaintiff's filing confirmed that she received the Court's Order no later than December 13, 2024, Plaintiff did not file a response to Defendants' Motion to Dismiss by the December 26, 2024 deadline, nor did she seek an extension to respond.

---

[1] Plaintiff also filed a "Notice of Appeal" form that did not include any substantive information, refer to any Order from which she sought appeal, and which has since been withdrawn.  [ECF No. 9, 11]

2

Plaintiff's January 10, 2025 Opposition is therefore unquestionably untimely.  Plaintiff has not sought leave to file the Opposition out of time, nor offered any explanation for her failure to comply with the Court's clear order.  Accordingly, Plaintiff has failed to show the excusable neglect necessary for the Court to accept the untimely filing, permitting the Court to strike the Opposition.  *See Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 788–89 (E.D. Va. 2013) ("The Court concludes that Plaintiff's untimely Oppositions must be stricken because Plaintiff's counsel fails to demonstrate the excusable neglect required for the Court to grant an extension not requested until after the passage of the deadline imposed by the Local Rules. When a party seeks an extension of time after a filing deadline has passed, Federal Rule of Civil Procedure 6(b) permits courts to grant extensions only upon a showing of excusable neglect.").

**Plaintiff's Opposition Concedes Defendants' Arguments.**  Plaintiff's "Opposition" does not address the various legal bars to her claims raised in Defendants' Motion to Dismiss. Therefore, Plaintiff concedes those arguments.  *See, e.g., Burke v. CHS Middle E., LLC*, 2019 WL 459022, at *5 (E. D. Va. Feb 4, 2019) ("Plaintiff appears to concede ... as she failed to respond to Defendant's argument"); *Chamblee v. Old Dominion Sec. Co., LLC.,* et al., No. 3:13CV820, 2014 WL 1415095, at *8 (E.D. Va. Apr. 11, 2014) (noting that when a plaintiff addresses only some, not all, arguments in opposition to a motion to dismiss, a court may treat those unaddressed arguments as conceded).  As detailed in Defendants' Motion, Plaintiff's Complaint is subject to dismissal on several grounds, including the untimely nature of the claims and her failure to set forth facts that could state a plausible entitlement to relief on any basis. Although Defendants submit that Plaintiff could not raise meritorious arguments to these straightforward defects, Plaintiffs' filing does not event attempt to do so.

315708055v.1

**Plaintiff Cannot Amend Her Complaint Through Her Response Brief.**  Plaintiff's Opposition references only a 2018 interview process, and attaches three email communications from January 2018 that demonstrate (1) she requested a copy of her "promotion requests" and welding certifications and (2) she was asked to interview for an open requisition.  [ECF No. 12] The documents are neither relevant on their face nor may they be considered as they are not attached to or referenced in the complaint.  A party may not amend its complaint in a brief opposing a motion to dismiss.  *Lokhova v. Halper,* 441 F. Supp. 3d 238, 265 (E.D. Va. 2020), *aff'd*, 995 F.3d 134 (4th Cir. 2021) ("[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy.") (citing *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 184 (4th Cir. 2013)); *Wilson v. City of Chesapeake*, No. 2:14CV420, 2015 WL 11116781, at *2 (E.D. Va. Apr. 3, 2015), *aff'd as modified*, 615 F. App'x 810 (4th Cir. 2015) (The Court cannot consider these allegations in a response brief in assessing the sufficiency of the Amended Complaint.).  Therefore, the Court need not consider these allegations or documents in determining the sufficiency of the Complaint.

**Any Claim Related to 2018 Promotion Decisions Would be Time-Barred.**

Notwithstanding the other defects in Plaintiff's Opposition, the only incident referenced in the filing is a 2018 promotion process.  Although the Opposition fails to offer any specifics, it is clear that any claim based on this 2018 promotion process would be untimely.

Plaintiff filed a charge of discrimination on or about February 25, 2022.  [ECF No 7-1] Therefore, any attempt to include a claim based on the 2018 promotion decisions (occurring more than three years before the charge was filed) would have been untimely.  *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (A charge of discrimination must be filed

within 300 days after the alleged discriminatory act.); *see also* ECF No. 7 at Section IV.B (discussing untimely nature of claims based on November 2020 promotion decision).  Both Plaintiff's inability to assert an independent claim based on a 2018 promotion decision and her failure to connect the 2018 promotion decision to any timely claim, renders her Opposition wholly inapposite and underscores the propriety of dismissal.

For the reasons set forth in Defendants' Motion to Dismiss, Plaintiff's Complaint should be dismissed with prejudice.

Dated: January 16, 2025                                Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Christine M. Costantino*
Raymond C. Baldwin (to be admitted *pro hac vice*)
Christine M. Costantino, Esq.

SEYFARTH SHAW LLP
975 F Street, N.W., Washington, DC 20004
Phone: (202) 828-3583 / Fax: (202) 828-5393
rbaldwin@seyfarth.com
ccostantino@seyfarth.com

*Attorneys for Defendant BAE Systems Norfolk Ship Repair, Inc., BAE Systems Ship Repair, Inc.*

315708055v.1

## <u>CERTIFICATE OF SERVICE</u>

I, Christine M. Costantino, hereby certify that on January 16, 2025, I electronically filed

the foregoing with the Clerk of the Court, via the Court's CM/ECF system and served the

following by U.S. mail:

Shaquita Lige
1401 Barlingame Place
Apartment 303
Chesapeake, Virginia 23320
Plaintiff, *pro se*

*/s/ Christine M. Costantino*
Christine M. Costantino
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 828-3583
(202) 828-5393 (facsimile)
ccostantino@seyfarth.com

6

315708055v.1