IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHAQUITA LIGE,

     Plaintiff,

     v.                                         Civil Action No. 2:23-cv-682

BAE SYSTEMS NORFOLK
SHIP REPAIR, INC., *et al.*,

     Defendants.

## **ORDER**

Plaintiff Shaquita Lige, appearing *pro se*,[1] filed this action against Defendants BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc. (collectively, "Defendants"). Compl., ECF No. 3. This matter is before the Court on Lige's Motion to Withdraw Notice of Appeal, ECF No. 11, and Defendants' Motion to Dismiss, ECF No. 6.

The Court concludes that oral argument is unnecessary because the facts and legal arguments have been adequately presented to the Court. For the reasons set forth below, Lige's Motion to Withdraw Notice of Appeal, ECF No. 11, is GRANTED, and the Clerk is DIRECTED to STRIKE Lige's Notice of Appeal from the record. Defendants' Motion to Dismiss, ECF No. 6, is GRANTED. In deference to Lige's *pro se* status, the Court DISMISSES Lige's Complaint

---

[1]     Although Lige indicates that she is appearing in this action on a *pro se* basis, Lige acknowledged that an attorney named Joshua Friedman, who is not admitted to practice before this Court, "prepared or assisted . . . in the preparation of" Lige's Complaint. Compl. at 15, ECF No. 3. In a prior Order, the Court warned Lige that "[a]bsent admission, it is improper for [Joshua Friedman] to . . . assist [Lige] in this matter." Order at 1 n.2, ECF No. 2. Nevertheless, the Court will treat Lige as a *pro se* litigant.

without prejudice and GRANTS Lige leave to file an Amended Complaint pursuant to the instructions set forth herein.

## I.     FACTUAL BACKGROUND

In her Complaint, Lige alleges that she began working for Defendants in May of 2014 as a "first class Helper" in the "plate shop." Compl. at 2, ECF No. 3. In 2017, Lige's supervisor recommended that Lige be promoted to "Third Class Mechanic Shipfitter," a position that was four "steps" higher than Lige's job as a "first class Helper." *Id.* at 2–3. Despite the recommendation, Lige was only promoted to "Third Class Handyperson," which only provided Lige with one "step" increase. *Id.*

In March of 2018, Lige sought to be promoted to "Third Class Shipfitter"; however, Lige "was only promoted to Second Class Handyperson, a position two steps lower." *Id.* at 3. Lige alleges that another male employee was hired "as a Third Class Shipfitter, while Lige remained stuck in a lower paid position two steps below." *Id.*

Lige alleges that she entered Defendants' Apprenticeship Program in August of 2018. *Id.* During her first evaluation, Lige's supervisor ("First Supervisor") rated her "above average" in multiple areas; however, another supervisor ("Second Supervisor") reduced Lige's ratings "so that none of [the ratings] were 'above average.'" *Id.* at 4. Lige claims that the Second Supervisor allowed another male apprentice to keep his "above average" ratings. *Id.*

Six months after entering the Apprenticeship Program, Lige was scheduled for a reassignment to a new supervising mechanic. *Id.* However, that supervising mechanic stated that he "would not train a female apprentice," and as a result, Lige was assigned to a different mechanic. *Id.* Lige alleges that the alternate mechanic "was significantly less experienced than [the mechanic to whom she was initially assigned], and less capable of instructing . . . Lige." *Id.* Lige believes

that she "received worse training as a result." *Id.* at 5. Despite the alleged "worse training," over time, Lige "received three step increases in the Apprenticeship Program based on her good performance." *Id.*

In August of 2020, Lige was suspended due to an incident with a security guard. *Id.* Lige alleges that the discipline was "baseless," and that Defendants used the "disciplinary action as a reason to remove . . . Lige from the Apprenticeship Program." *Id.* at 5–6. After Lige left the Apprenticeship Program, she returned to the workforce as a "Second Class Handyperson," but Lige believes that she "had the skills required to perform as a Third Class Shipfitter." *Id.* at 6.

On November 6, 2020, Lige "completed a promotion request form seeking the position of Third Class Shipfitter"; however, Lige's Second Supervisor advised Lige "to wait six months" before submitting the promotion request due to Lige's recent disciplinary action and attendance issues. *Id.* Lige believes that the attendance issues to which the Second Supervisor referred related to her approved leave under the Family and Medical Leave Act ("FMLA"). *Id.* Lige alleges that she had been approved for intermittent leave under the FMLA "to care for a family member" and that her "approved FMLA leave should not count against her" with respect to a potential promotion. *Id.*

On May 25, 2021, Lige completed another promotion request; however, the Second Supervisor again stated that Lige's "attendance was prohibitive" and advised Lige "to wait until [her attendance] was better." *Id.* at 7. Lige alleges that without the Second Supervisor's support, Lige would not be considered for the promotion. *Id.*

Lige alleges that at least two other male co-workers brought promotion requests to the Second Supervisor in the past and their requests were approved. *Id.* at 8. Lige believed that she was the victim of sex discrimination and thought "it would be impossible" for her "to rise within

3

the company." *Id.* Therefore, Lige gave notice on May 25, 2021 ("May 25, 2021 Notice") that she was quitting her job.[2] *Id.*

Lige filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 25, 2022. EEOC Charge, ECF No. 7-1 at 3. The EEOC issued a Right to Sue Letter to Lige on September 25, 2023, and Lige initiated the instant action on December 21, 2023.[3] Right to Sue Letter, ECF No. 7-1 at 2; IFP Appl., ECF No. 1.

Lige's Complaint asserts three counts against Defendants. Compl. at 8–13. In Count I, Lige asserts a sex discrimination claim against Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* at 8–10. To support this claim, Lige states that Defendants denied her a "promotion and associated pay increases" because of her sex. *Id.* at 8. In Count II, Lige asserts a

---

[2] Lige did not attach a copy of the May 25, 2021 Notice to her Complaint; however, Defendants included a copy as an exhibit to their Memorandum in Support of Motion to Dismiss. May 25, 2021 Notice, ECF No. 7-2. The Court may properly consider this document in its analysis of Defendants' Motion. *See Am. Chiropractic v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (explaining that when ruling on a 12(b)(6) motion, the Court may consider documents that (1) are "integral to and explicitly relied on" in the Complaint, and (2) have not been challenged by the plaintiff as inauthentic). In the May 25, 2021 Notice, Lige states:

> I, Shaquita Lige', am writing to inform you that I am resigning from my position as Shipfitter 1st Class Handyperson, with my last day being Thursday, May 27, 2021. I apologize for the short notice but my on-going issue of not having anyone to take care of my mother still exist[s]. I am currently out of all available time given to me, and although my plans were to never leave the company, I feel it is best for my family and I at this time.
>
> Thank you for the opportunity to learn and grow within the company for 7 yrs[.], not only professionally but also personally.

May 25, 2021 Notice at 2.

[3] Lige did not attach a copy of her EEOC Charge or the Right to Sue Letter to her Complaint; however, Defendants attached copies of these documents to their Memorandum in Support of Motion to Dismiss. EEOC Charge, ECF No. 7-1 at 3; Right to Sue Letter, ECF No. 7-1 at 2. The Court may properly consider the EEOC Charge and Right to Sue Letter in its analysis of Defendants' motion. *See Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004); *see also supra* note 2.

sex discrimination claim against Defendants pursuant to the Virginia Human Rights Act ("VHRA"), based on the same factual allegations as Count I. *Id.* at 10–11. In Count III, Lige asserts an FMLA retaliation claim against Defendants. *Id.* at 11–12. To support this claim, Lige states that Defendants retaliated against her for exercising her rights under the FMLA by using Lige's FMLA leave "as a factor in [their] decision not to promote her." *Id.* at 11.

## II.     RELEVANT PROCEDURAL BACKGROUND

Defendants filed a Motion to Dismiss and notified Lige of her right to respond to the motion. Mot. Dismiss at 1–2, ECF No. 6. Lige did not file a response to Defendants' motion, and her deadline to do so expired. Based on publicly available information from an unrelated state court case involving Lige, the Court questioned the accuracy of the address on file for Lige in the instant action. Order at 1–2, ECF No. 8. Therefore, in an Order entered on December 4, 2024, the Court ordered Lige to confirm her address, in writing, within twenty-one days. *Id.* at 2. Additionally, the Court granted Lige an extension of time to respond to Defendants' Motion to Dismiss, if she wished to do so. *Id.* The Court ordered Lige to file any intended response within twenty-one days. *Id.*

On December 13, 2024, Lige provided the Court with a written confirmation of her address. Resp., ECF No. 10. On the same day, Lige filed a Notice of Appeal. Notice Appeal, ECF No. 9. In her Notice of Appeal, Lige states that she seeks to appeal an Order of the Court that was entered on December 13, 2024. *Id.* at 1. However, the Court did not enter an Order on December 13, 2024.

On January 10, 2025, Lige filed a Motion to Withdraw Notice of Appeal and an untimely Opposition to Defendants' Motion to Dismiss.[4] Mot. Withdraw Notice Appeal, ECF No. 11;

---

[4]     In deference to Lige's *pro se* status, the Court has considered Lige's untimely Opposition in its analysis of Defendants' Motion to Dismiss.

Opp'n, ECF No. 12. Thereafter, Defendants filed a Reply in support of their Motion to Dismiss. ECF No. 13. Both pending Motions are ripe for a decision.

### III. LIGE'S MOTION TO WITHDRAW NOTICE OF APPEAL

As noted above, Lige filed a Notice of Appeal that sought to appeal an Order entered on December 13, 2024; however, the Court did not enter an Order on December 13, 2024. Notice Appeal at 1, ECF No. 9. Lige subsequently asked the Court to withdraw her Notice of Appeal. Mot. Withdraw Notice Appeal at 1, ECF No. 11.

Under these circumstances, it is clear to the Court that Lige's Notice of Appeal was filed in error. Accordingly, for good cause shown, Lige's Motion to Withdraw Notice of Appeal, ECF No. 11, is GRANTED, and the Clerk is DIRECTED to STRIKE Lige's Notice of Appeal, ECF No. 9, from the record.

### IV. DEFENDANTS' MOTION TO DISMISS

#### A. Legal Standards

Defendants seek dismissal of this action pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss at 1, ECF No. 6. Dismissal is warranted under Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lige bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"

6

*Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the Court must accept all factual allegations contained in Lige's Complaint as true and draw all reasonable inferences in favor of Lige. *Id*. "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (citations omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In cases where the plaintiff appears *pro se*, courts do not expect the *pro se* plaintiff to frame legal issues with the clarity and precision expected from lawyers." *Suggs v. M&T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017). In such cases, courts are required to construe the operative complaint liberally. *Id.*

**B. Discussion**

<u>1. Count I: Title VII Sex Discrimination Claim</u>

In Count I, Lige claims that Defendants "engaged in discrimination on the basis of sex," in violation of Title VII, by "denying [Lige] promotion and associated pay increases." Compl. at 8–10.

*a. Timeliness Issues*

An individual alleging discrimination in violation of Title VII must file an administrative charge with the EEOC and exhaust administrative remedies before filing a lawsuit in federal district court. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406–07 (4th Cir. 2013). As this Court has explained:

> [A]n employee challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged discrimination to file a charge with the EEOC. If the statutory time period elapses between the allegedly discriminatory incident and the filing of the EEOC charge, the litigant is forever barred from Title VII relief.

*Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (internal citation omitted). Upon receipt of a Right to Sue Letter from the EEOC, an individual has 90 days to file a complaint. *See Scott v. Hampton City Sch. Bd.*, No. 4:14-cv-128, 2015 WL 1917012, at *2 (E.D. Va. Apr. 27, 2015); *see also* 42 U.S.C. § 2000e-5(f)(1).

In their Motion to Dismiss, Defendants first argue that Lige's Title VII claim should be dismissed because the EEOC issued its Right to Sue Letter on September 25, 2023, and Lige did not file "a signed, viable Complaint" in this Court within 90 days thereafter. Mem. Supp. Mot. Dismiss at 5–7, ECF No. 7; Right to Sue Letter at 2. The Court is not persuaded by Defendants' argument.

Lige initiated this action on December 21, 2023, i.e., within 90 days of the issuance of the Right to Sue Letter, by filing an application to proceed *in forma pauperis* and a proposed Complaint. IFP Appl.; Proposed Compl., ECF No. 1-1. Lige's initial filings were unsigned; however, Lige subsequently submitted signed documents to the Court. IFP Appl. at 2; Proposed Compl. at 1–13; Signed IFP Appl., ECF No. 1-2; Signed Proposed Compl., ECF No. 1-3. Lige's signed documents were submitted after the 90-day filing deadline expired. The Court, however, will not dismiss this action based on a signature oversight of a *pro se* litigant that was subsequently corrected.

Defendants also argue that Lige cannot base her Title VII claim on any alleged discrimination that took place more then 300 days before she filed her EEOC Charge. Mem. Supp. Mot. Dismiss at 7–8. The Court agrees. As explained above, "an employee challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged

discrimination to file a charge with the EEOC." *Edwards*, 760 F. Supp. 2d at 619. Lige filed her EEOC Charge on February 25, 2022. EEOC Charge at 3. Thus, Lige cannot base her Title VII claim on any alleged discrimination that took place before May 1, 2021, i.e., 300 days prior to February 25, 2022. Accordingly, Defendants' Motion to Dismiss is GRANTED as to the portion of Lige's Title VII claim that is based on acts of discrimination that allegedly occurred prior to May 1, 2021.

### b. Sufficiency of Factual Allegations

Title VII prohibits employers from discriminating against employees and applicants for employment based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). To state a *prima facie* case of discrimination under Title VII, a plaintiff must adequately allege that: "(1) she is a member of a protected class; (2) she 'suffered an adverse employment action'; (3) her job performance was satisfactory; and (4) the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination.'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011)).

"In the employment discrimination context, '[t]he *prima facie* case . . . is an evidentiary standard, not a pleading requirement.'" *McKenzie-El v. Am. Sugar Refin., Inc.*, No. 21-1089, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021) (alterations in original) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). "[W]hile a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss," the asserted factual allegations "must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (internal citations omitted).

As summarized above, Lige cannot base her Title VII claim on acts of discrimination that allegedly occurred prior to May 1, 2021. *See supra* Part IV.B.1.a. Thus, Lige's Title VII discrimination claim is limited to Lige's allegations that her Second Supervisor refused to support her promotion request on May 25, 2021. *See* Compl. at 7–8. Lige alleges that she "attempted to give [the Second Supervisor] her completed promotion request paperwork" on May 25, 2021, but that "[the Second Supervisor] told her that her attendance was prohibitive" and "refused to support her promotion." *Id.* at 7. Lige alleges that without the Second Supervisor's support for her promotion request, she would not be considered for the promotion. *Id.* Lige further alleges that other male co-workers brought promotion requests to the Second Supervisor in the past and that the Second Supervisor "supported their promotions and submitted their promotion requests" to the Human Resources department. *Id.* at 8.

In their Motion to Dismiss, Defendants argue that Lige's allegations of sex discrimination are conclusory in nature and do not "create a plausible inference of discrimination." Mem. Supp. Mot. Dismiss at 12. Defendants further argue:

> [Plaintiff] does not allege that any comments were made, nor does she offer any facts regarding her alleged comparators which might suggest her supervisor's decision was based on gender. And with respect to the alleged comparators, Plaintiff offers nothing which might show their qualifications as compared to hers, that they are similarly situated to her, or even that they sought a promotion at the same time she did or obtained the promotion she sought. Plaintiff only alleges that at some point in time, her supervisor supported the promotion of two men. This non-controversial statement cannot give rise to a viable discrimination claim.

*Id.* at 12–13.[5]

Upon review, the Court finds that Lige's Complaint fails to allege facts sufficient to state a *prima facie* case of sex discrimination under Title VII. Although Lige alleges that the Second

---

[5]      Lige's Opposition does not meaningfully address Defendants' arguments. Opp'n, ECF No. 12. Instead, Lige's Opposition focuses primarily on a job interview that allegedly took place in 2018, well outside the 300-day limitations period discussed above. *Id.*

Supervisor did not support her promotion request on May 25, 2021, and that the Second Supervisor supported the promotion requests of other male employees in the past, the Court finds that these allegations, without more, do not give rise to a reasonable inference of unlawful discrimination. *See* Compl. at 7–8; *see also Swaso*, 698 F. App'x at 747; *Lemon v. Myers Bigel, P.A.*, 985 F.3d 392, 400 (4th Cir. 2021) (noting that "[s]peculation, of course, falls short of what *Twombly* and *Iqbal* require"). The Court therefore finds that Lige has not alleged facts sufficient to "nudge her [Title VII sex discrimination] claim 'across the line from conceivable to plausible,'" as required to withstand a challenge under Rule 12(b)(6). *Lemon*, 985 F.3d at 399 (quoting *Twombly*, 550 U.S. at 570); *see Swaso*, 698 F. App'x at 747–49. Accordingly, Defendants' Motion to Dismiss is GRANTED as to Lige's Title VII sex discrimination claim.

2. Count II: VHRA Sex Discrimination Claim

In Count II, Lige asserts a sex discrimination claim pursuant to the VHRA, based on the same factual allegations as Count I. Compl. at 10–11. Defendants argue that Lige's VHRA claim necessarily fails because, among other reasons, Lige failed to properly exhaust her administrative remedies. Mem. Supp. Mot. Dismiss at 10.

"The VHRA includes an extensive administrative procedure that must be exhausted before an employee may file a lawsuit under the Act." *Cooper v. Am. Feed Indus. Ass'n*, No. 1:23-cv-322, 2023 WL 7004953, at *3 (E.D. Va. Oct. 24, 2023) (citing *Jordan v. Sch. Bd. of the City of Norfolk*, 640 F. Supp. 3d 431, 448 (E.D. Va. 2022)). An individual cannot sue under the VHRA until he or she files a complaint with Virginia's Office of Civil Rights ("VOCR"), an investigation has taken place, and the individual "has been provided with a 'notice of his [or her] right to file a civil action.'" *Id.* (citing Va. Code Ann. § 2.2-3908(A)).

Many states, including Virginia, "have created so-called 'work-sharing' agreements with the EEOC to 'provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate [state] and Federal laws.'" *Jordan*, 640 F. Supp. 3d at 447 (alteration in original) (citation omitted). Pursuant to these agreements, the EEOC's receipt of a Charge of Discrimination on behalf of a state agency "will automatically initiate the proceedings of both the EEOC and the [state agency]." *Tattrie v. CEI-Roanoke, LLC*, No. 7:23-cv-79, 2023 WL 4186383, at *3 (W.D. Va. June 26, 2023) (citation omitted).

During the timeframe relevant to the instant action, an individual who wished to file a VHRA claim was required to obtain "a right-to-sue notice that [was] separate and distinct from any EEOC notice." *Cooper*, 2023 WL 7004953, at *3 (citing *Jordan*, 640 F. Supp. 3d at 449–51; *Moss v. Saja Rest. Grp., LLC*, 670 F. Supp. 3d 349, 365–67 (W.D. Va. 2023)); *see Tattrie*, 2023 WL 4186383, at *3 (explaining that, in Virginia, "just because a complainant may <u>initiate</u> the VOCR process by filing with the EEOC, does not mean that the EEOC's right-to-sue notification also permits an individual to <u>file suit</u> under the VHRA" (emphasis in original)); *see also Goodman v. IKEA US Retail, LLC*, No. 1:24-cv-868, 2024 WL 4554773, at *7 (E.D. Va. Oct. 23, 2024); *Richardson v. Maximus, Inc.*, No. 1:22-cv-746, 2023 WL 4687188, at *8 (E.D. Va. July 21, 2023). Here, Lige's Complaint does not contain any factual allegations to suggest that Lige received "a right-to-sue notice that [was] separate and distinct from any EEOC notice." *Cooper*, 2023 WL 7004953, at *3; *see* Compl. at 1–8. Accordingly, the Court finds that Lige's Complaint fails to state a VHRA claim against Defendants upon which relief may be granted.[6] *See Goodman*, 2024

---

[6] On July 1, 2024, more than six months after Lige initiated this lawsuit, several substantive and procedural amendments to the VHRA went into effect. The VHRA now provides, among other things, that a state court shall accept a Right to Sue Letter issued by the EEOC in lieu of a similar notice issued by the VOCR. Va. Code Ann. §§ 2.2-3907(I), 2.2-3908(A)(2). There is nothing in

WL 4554773, at *7; *Cooper*, 2023 WL 7004953, at *3; *Richardson*, 2023 WL 4687188, at *8; *Jordan*, 640 F. Supp. 3d at 447–54. As such, Defendants' Motion to Dismiss is GRANTED as to Lige's VHRA claim.

3. Count III: FMLA Retaliation Claim

In Count III, Lige alleges that Defendants "willfully retaliated against [Lige] for exercising her rights under the FMLA by, inter alia, using her FMLA leave as a factor in [their] decision not to promote her, and denying her a promotion she otherwise would have received." Compl. at 11. Defendants argue that Lige's FMLA retaliation claim should be dismissed because it is both time-barred and factually deficient. Mem. Supp. Mot. Dismiss at 8–10, 14–17.

"Claims brought under the FMLA are subject to a two-year statute of limitations period"; however, this time period "is extended to three years for willful violations of an employee's FMLA rights." *Battle v. City of Alexandria*, No. 1:14-cv-1714, 2015 WL 1650246, at *4 (E.D. Va. Apr. 14, 2015). "A violation is willful 'where an employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA].'" *Id.* (citation omitted).

Lige initiated this lawsuit on December 21, 2023. IFP Appl. at 1–7. As noted above, Lige generally avers that Defendants acted willfully in violating her FMLA rights. *See* Compl. at 11. Under these circumstances, and in deference to Lige's *pro se* status, the Court will apply the three-year limitations period to Lige's FMLA retaliation claim. Thus, the Court finds that Lige's FMLA retaliation claim can only be based on Defendants' actions that allegedly occurred since December 21, 2020, i.e., three years before Lige filed this lawsuit.

---

the amendments to suggest that the amendments were intended to apply retroactively. Thus, the amendments do not alter the Court's analysis of Lige's VHRA claim in the instant action.

With this in mind, Lige's FMLA retaliation claim can only be based on her alleged interactions with the Second Supervisor on May 25, 2021. *Id.* at 7–8. In her Complaint, Lige alleges that on May 25, 2021, she "completed promotion request paperwork" and asked the Second Supervisor to support Lige's request for a promotion. *Id.* at 7. Lige alleges that the Second Supervisor "refused to support [Lige's] promotion" because her "attendance was prohibitive." *Id.* Lige believes that the Second Supervisor's comment regarding her attendance was in reference to Lige's "use of approved intermittent FMLA" leave. *Id.*

To state an FMLA retaliation claim, a plaintiff must show that "(1) she engaged in a protected activity, (2) her employer took an adverse employment action against her, and (3) the adverse employment action was causally connected to the plaintiff's protected activity." *Ainsworth v. Loudon Cnty. Sch. Bd.*, 851 F. Supp. 2d 963, 976 (E.D. Va. 2012) (citing *Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d 541, 551 (4th Cir. 2006)). Defendants argue that Lige's factual allegations are insufficient to state a plausible retaliation claim under the FMLA. Mem. Supp. Mot. Dismiss at 14–17. Specifically, Defendants argue that Lige's Complaint (1) does not allege that Lige was eligible to take FMLA leave; (2) does not allege when Lige took FMLA leave; (3) does not discuss "what [Lige's] attendance was without regard to approved absences"; (4) does not demonstrate a "close temporal proximity" between Lige's FMLA leave and the Second Supervisor's refusal to support her promotion request; and (5) does not allege other facts sufficient to show the causal connection required for her FMLA claim. *Id.* Defendants argue that Lige's FMLA claim is based solely on Lige's assumption that the Second Supervisor's refusal to support her promotion request "had something to do with unspecified intermittent FMLA leave"; however, Lige "does not set forth sufficient facts to transform her assumption" into a viable claim. *Id.* at 14.

Upon review of Lige's Complaint, Defendants' Motion to Dismiss, and the related briefs, the Court finds that Lige does not state a plausible claim for FMLA retaliation. Compl. at 1–15; *see Ainsworth*, 851 F. Supp. 2d at 976. Most significantly, Lige fails to adequately allege causation. Her Complaint indicates that she took FMLA leave around November 2020 – nearly six months prior to the Second Supervisor's refusal to support her promotion request on May 25, 2021. *See* Compl. at 2–3; *cf. Ainsworth*, 851 F. Supp. 3d at 977 (noting that temporal proximity between protected activity and adverse employment action is sufficient to allege causation). She does not allege that she continued to take FMLA after November 2020, nor does she allege that she did not have other absences in the intervening six months. Her allegations therefore lack the specificity required to plausibly establish a causal connection. On that basis, the Court finds that Lige has not stated an FMLA retaliation claim against Defendants upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss is GRANTED as to Lige's FMLA retaliation claim.

<u>4. Leave to Amend</u>

For the reasons articulated above, the Court finds that Lige's Complaint fails to state any claim against Defendants upon which relief may be granted. However, in deference to Lige's *pro se* status, the Court DISMISSES Lige's Complaint without prejudice and GRANTS Lige leave to file an Amended Complaint. If Lige chooses to do so, the Amended Complaint must be filed within twenty-one (21) days of the date of entry of this Order.[7] The Amended Complaint must:

(i)     be clearly labeled as Lige's Amended Complaint;
(ii)    clearly identify the named Defendant(s);
(iii)   clearly state, with specificity, each claim that Lige intends to assert against each Defendant;

---

[7]     If Lige chooses to file an Amended Complaint, Lige is REMINDED that the Court "considers it improper for lawyers to draft or assist in drafting complaints . . . on behalf of litigants designated as *pro se*." *Chaplin v. Du Pont Advance Fiber Sys.*, 303 F. Supp. 2d 766, 773 (E.D. Va. 2004) (citation omitted). *See supra* note 1.

15

(iv)   clearly set forth all factual allegations upon which Lige's claims are based; and

(v)   clearly explain the extent to which Lige exhausted the administrative remedies on any claims that require such exhaustion.

Lige is ADVISED that this action will be dismissed with prejudice if she fails to file an Amended Complaint that strictly complies with the terms of this Order.

## V.   CONCLUSION

For the reasons set forth above, Lige's Motion to Withdraw Notice of Appeal, ECF No. 11, is GRANTED, and the Clerk is DIRECTED to STRIKE Lige's Notice of Appeal from the record. Defendants' Motion to Dismiss, ECF No. 6, is GRANTED. In deference to Lige's *pro se* status, the Court DISMISSES Lige's Complaint without prejudice and GRANTS Lige leave to file an Amended Complaint pursuant to the instructions set forth herein.

The Clerk is DIRECTED to send a copy of this Order to Lige and counsel for Defendants.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: February 20, 2025